## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIC BIANCHI, *et al.*, | * | |
| *Plaintiffs,* | * | |
| v. | * | Case No. 20-cv-03495-JKB |
| BRIAN E. FROSH, *et al.,* | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANTS

Defendants, Brian E. Frosh, sued in his official capacity as Attorney General of Maryland, Woodrow Jones, III, sued in his official capacity as the Secretary of the Maryland State Police, R. Jay Fisher, sued in his official capacity as Sheriff of Baltimore County, and Jim Fredericks, sued in his official capacity as Sheriff of Anne Arundel County, through their undersigned counsel, hereby answer the Complaint filed by Plaintiffs.  Except as expressly admitted herein, the allegations in the Complaint are denied.

1.      The United States Constitution speaks for itself.  To the extent the allegations in the first sentence of paragraph 1 of the Complaint differ from the United States Constitution, they are denied.  The remaining allegations contained paragraph 1 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2.      The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

4.      The allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

5.      Defendants admit that the result plaintiffs seek in this case is contrary to *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017).  Defendants deny that *Kolbe* was wrongly decided.  The remaining allegations contained in paragraph 5 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

6.      The allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required.

7.      The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.

8.      The allegations contained in paragraph 8 of the Complaint constitute legal conclusions to which no response is required.

**PARTIES**

9.      Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint.

10.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint.

12.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 12 of the Complaint.

13.     Defendants deny that plaintiff Firearms Policy Coalition, Inc. has been harmed in any way by Maryland's laws restricting firearms.  The remaining allegations contained in paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

14.     The allegations contained in paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

15.     The allegations contained in paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

16.     Defendants admit that Mr. Frosh is the Attorney General of the State of Maryland, that he leads the Maryland Office of the Attorney General, and that he is sued in his official capacity.  The remaining allegations contained in paragraph 16 of the

3

Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

17.     Defendants admit that Colonel Jones is Secretary of the Maryland State Police and is sued in his official capacity.  The remaining allegations contained in paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

18.     Defendants admit that Sheriff Fisher is sheriff of Baltimore County, Maryland and is sued in his official capacity.  The remaining allegations contained in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

19.     Defendants admit that Sheriff Fredericks is sheriff of Anne Arundel County and is sued in his official capacity.  The remaining allegations contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

20.     The statutes described in paragraph 20 of the Complaint speak for themselves.  To the extent the allegations in paragraph 20 differ from the statutes described therein, they are denied.  The remaining allegations contained in paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

21.     The statutes described in paragraph 21 of the Complaint speak for themselves.  To the extent the allegations in paragraph 21 differ from the statutes described

therein, they are denied.  The remaining allegations contained in paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

22.     The statutes described in paragraph 22 of the Complaint speak for themselves.  To the extent the allegations in paragraph 22 differ from the statutes described therein, they are denied.  The remaining allegations contained in paragraph 22 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

23.     The statutes described in paragraph 23 of the Complaint speak for themselves.  To the extent the allegations in paragraph 23 differ from the statutes described therein, they are denied.  The remaining allegations contained in paragraph 23 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

24.     The statutes described in paragraph 24 of the Complaint speak for themselves.  To the extent the allegations in paragraph 24 differ from the statutes described therein, they are denied.  The remaining allegations contained in paragraph 24 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

25.     The statutes described in paragraph 25 of the Complaint speak for themselves.  To the extent the allegations in paragraph 25 differ from the statutes described therein, they are denied.  The remaining allegations contained in paragraph 25 of the

Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

26.     The statutes described in paragraph 26 of the Complaint speak for themselves.  To the extent the allegations in paragraph 26 differ from the statutes described therein, they are denied.  The remaining allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

27.     The judicial opinion and article described in paragraph 27 of the Complaint speak for themselves.  To the extent the allegations in paragraph 27 differ from the judicial opinion and article described therein, they are denied.  Defendants are without knowledge or information sufficient to admit or deny the allegations in the last sentence of paragraph 27.  The remaining allegations contained in paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

28.     The judicial opinions described in paragraph 28 of the Complaint speak for themselves.  To the extent the allegations in paragraph 28 differ from the judicial opinions described therein, they are denied.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 28.

29.     The judicial opinions described in paragraph 29 of the Complaint speak for themselves.  To the extent the allegations in paragraph 29 differ from the judicial opinions described therein, they are denied.  The remaining allegations contained in paragraph 29

of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

30.     Maryland's laws governing firearms speak for themselves. To the extent the allegations in paragraph 30 differ from Maryland law, they are denied.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 30.

31.     Maryland's laws governing firearms speak for themselves. To the extent the allegations in paragraph 31 differ from Maryland law, they are denied.  Defendants admit that rounds fired from assault rifles generally have greater muzzle velocity than most handguns.  Defendants deny the remaining allegations in paragraph 31, including the allegation that assault weapons restricted by Maryland law are well suited to home defense purposes.

32.     Maryland's laws governing firearms speak for themselves. To the extent the allegations in paragraph 32 differ from Maryland law, they are denied.  Similarly, the article cited in paragraph 32 speaks for itself.  To the extent the allegations in paragraph 32 differ from the article described therein, they are denied.   Defendants deny the remaining allegations in paragraph 32, including the allegation that assault weapons restricted by Maryland law are conducive to home defense.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Maryland's laws governing firearms speak for themselves. To the extent the allegations in paragraph 34 differ from Maryland law, they are denied.  Defendants admit that certain semiautomatic firearms accept detachable magazines.  Defendants are without

knowledge or information sufficient to admit or deny the remaining allegations in paragraph 34 because the terms "assist," "reload," "platforms" and "malfunctions" are undefined, vague, and ambiguous.

35.     The report and studies described in paragraph 35 of the Complaint speak for themselves.  To the extent the allegations in paragraph 35 differ from the report and studies described therein, they are denied.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 35 because the term "not uncommon" is undefined, vague, and ambiguous.

36.     Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 36 because plaintiffs do not describe the source for the information cited therein.

37.     The allegations contained in paragraph 37 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

38.     The studies described in paragraph 38 of the Complaint speak for themselves. To the extent the allegations in paragraph 38 differ from the report and studies described therein, they are denied.  Defendants deny the remaining allegations in paragraph 38.

39.     The allegations contained in paragraph 39 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

40.     Defendants deny that the assault weapons restricted by Maryland law are "common" firearms.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 40.

41.     Defendants deny that the assault weapons restricted by Maryland law are "common" firearms.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 41.

42.     Defendants deny that the assault weapons restricted by Maryland law are "common" firearms.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 42.

43.     Defendants are without knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 43 of the Complaint.   The remaining allegations contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

44.     Defendants are without knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 44 of the Complaint.   The remaining allegations contained in paragraph 44 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

45.     Defendants are without knowledge or information sufficient to admit or deny the allegation that members of plaintiffs the Firearms Policy Coalition, Inc., the Second Amendment Foundation, and the Citizens' Committee for the Right to Keep and Bear Arms

intend and desire to acquire firearms restricted by Maryland law.  The remaining allegations contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

46.     The allegations contained in the first sentence of paragraph 46 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants deny the remaining allegations in paragraph 46.

47.     The allegations contained in paragraph 47 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

48.     The allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

49.     The United States Constitution speaks for itself.  To the extent the allegations in paragraph 49 of the Complaint differ from the United States Constitution, they are denied.

50.     The United States Constitution speaks for itself.  To the extent the allegations in paragraph 50 of the Complaint differ from the United States Constitution, they are denied.

51.     The judicial opinion described in paragraph 51 speaks for itself.  To the extent the allegations in paragraph 51 of the Complaint differ from the judicial opinion described therein, they are denied.

52.     The judicial opinion described in paragraph 52 speaks for itself.  To the extent the allegations in paragraph 52 of the Complaint differ from the judicial opinion described therein, they are denied.

53.     The judicial opinion described in paragraph 53 speaks for itself.  To the extent the allegations in paragraph 53 of the Complaint differ from the judicial opinion described therein, they are denied.

54.     The judicial opinion described in paragraph 54 speaks for itself.  To the extent the allegations in paragraph 54 of the Complaint differ from the judicial opinion described therein, they are denied.

55.     The allegations contained in paragraph 55 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

56.     The judicial opinion described in paragraph 56 speaks for itself.  To the extent the allegations in paragraph 56 of the Complaint differ from the judicial opinion described therein, they are denied.

57.     The judicial opinion described in paragraph 57 speaks for itself.  To the extent the allegations in paragraph 57 of the Complaint differ from the judicial opinion described therein, they are denied.

58.     The allegations contained in paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

59.     The allegations contained in paragraph 59 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

60.     The allegations contained in paragraph 60 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

61.     The allegations contained in paragraph 61 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

62.     The allegations contained in paragraph 62 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

## COUNT I

64.     Defendants incorporate by reference herein their responses to the allegations in preceding paragraphs 1-63 as if fully set forth herein.

65.     The allegations contained in paragraph 65 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

66.     The allegations contained in paragraph 66 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

67.     The allegations contained in paragraph 67 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

68.     The allegations contained in paragraph 68 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

69.     The statute described in paragraph 69 of the Complaint speaks for itself.  To the extent the allegations in paragraph 69 differ from the statute described therein, they are denied.  Defendants deny the remaining allegations contained in paragraph 69 of the Complaint, including the allegation that no adequate basis exists for Maryland's law restricting certain firearms.

70.     The statutes described in paragraph 70 of the Complaint speak for themselves.  To the extent the allegations in paragraph 70 differ from the statutes described therein, they are denied.  Defendants deny the remaining allegations contained in paragraph 70 of the Complaint, including the allegation that no adequate basis exists for Maryland's law restricting certain firearms.

71.     The allegations contained in paragraph 71 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a cause of action upon which any relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred because their Second Amendment rights have not been violated by defendants.

### Third Affirmative Defense

Plaintiffs Field Traders, the Firearms Policy Coalition, Inc., the Second Amendment Foundation, and the Citizens' Committee for the Right to Keep and Bear Arms lack standing to sue.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by laches.

WHEREFORE, having fully answered the Complaint, defendants request that the Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of defendants on all claims in the Complaint.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

 /s/ *Robert A. Scott*_____
ROBERT A. SCOTT (Federal Bar No. 24613)
RYAN R. DIETRICH (Federal Bar No. 27945)
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21201
rscott@oag.state.md.us
rdietrich@oag.state.md.us
(410) 576-7055 (telephone)
(410) 576-6955 (facsimile)

January 29, 2021                    Attorneys for Defendants