IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DOMINIC BIANCHI,** *et al.* | * | |
| **Plaintiffs** | * | |
| vs. | * | **Civil Action No. JKB-20-3495** |
| **BRIAN E. FROSH,** *et al.* | * | |
| **Defendants** | * | |

\*\*\*\*\*\*

### ORDER

Plaintiffs brought suit against Defendants pursuant to 42 U.S.C. § 1983, alleging deprivation of Plaintiffs' rights under the Second and Fourteenth Amendments to the U.S. Constitution. (*See* Compl. ¶¶ 64–73, ECF No. 1.) As Plaintiffs acknowledge in their Complaint, Plaintiffs' theory of liability is foreclosed by the opinion deciding *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017):

> To be sure, Plaintiffs acknowledge that the result they seek is contrary to [*Kolbe*], but that case was wrongly decided. . . .

(*Id.* ¶ 5.)

Accordingly, Plaintiffs shall show cause on or before February 19, 2021, why this case should not be dismissed *sua sponte* for plain failure to state a claim upon which relief may be granted,[1] *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)),

---

[1] During a scheduling telephone conference with the parties and the Court on February 12, 2021, Counsel for Plaintiffs advised the Court that a short, seven-day period in which to show cause would not prejudice Plaintiffs' ability to respond to the instant show cause order.

and/or on the ground that Plaintiffs have pleaded an admission that it is impossible for them to prevail under controlling law.

Dated this __12__ day of February, 2021.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge
